Yeremiah N. BELL, Appellant,

v.

Tiffany CARTWRIGHT and Cabinet for Health and Family Services, Commonwealth of Kentucky, Appellees.

No. 2008–CA–001137–ME.

Court of Appeals of Kentucky.

Jan. 16, 2009.

Lori B. Shelburne, Lexington, KY, for appellant.

Nanci M. House, Winchester, KY, for appellee.

Before LAMBERT and TAYLOR, Judges; GRAVES,[1] Senior Judge.

## OPINION

LAMBERT, Judge.

Yeremiah Bell appeals from the increase in his monthly child support obligation to Tiffany Cartwright. He specifically contends that the trial court abused its discretion when it increased his obligation without substantial evidence to show that the increase was related to his son's reasonable needs and not simply due to his increased income. After careful review, we vacate and remand the order of the Clark Family Court.

Yeremiah and Tiffany are the parents of one minor child, Brayden Bell, born December 15, 2003. The couple was never married nor have they ever cohabitated. An agreed judgment of paternity was entered on August 20, 2004, in which Yeremi-

---

1. Senior Judge J. William Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

ah's child support obligation was set at $1,225.00 per month. At that time, Yeremiah was employed by the Miami Dolphins' practice squad and earned approximately $800,000.00 per year. Yeremiah has continued his employment with the Miami Dolphins for the past five years and now earns approximately $1.3 million per year. On August 20, 2007, Tiffany requested a modification of child support based on Yeremiah's increased income.

On October 23, 2007, the Clark County Family Court held a hearing on Tiffany's motion. At the hearing, Tiffany requested that the monthly child support obligation be increased to $5,000.00 a month. She testified that there were several reasons for her request to modify including: her wish to purchase a home; her expectation to send Brayden to private school at some point; her hope to take him on two vacations a year; and her desire to send him to sports camps in the future. Tiffany offered no documentation regarding the expected costs for private school, vacations, or sports camps. She did speculate that it would cost her about $800.00 a month to purchase a home. Furthermore, she stated that she needed $440.00 per month for daycare expenses for Brayden, which Yeremiah had already agreed to pay and begun paying by the time of the hearing. Additionally, Tiffany asserted that she needed approximately $500.00 per month to clothe Brayden in brand-named clothes as desired by Yeremiah. She further testified that Brayden's food costs were approximately $200.00 per month.

The record reflects that Yeremiah owns a 1,500 square foot home in Ft. Lauderdale, Florida, and that he purchased an $180,000.00 home in Clark County for his mother. He drives a 2007 Hummer, but it does not appear that he lives an extravagant lifestyle. He has a prior born child for whom he pays $1,144.00 per month in child support. Yeremiah testified at the hearing that he tries to save money for the future since a football career is so limited, as evidenced by his recent Achilles tendon injury.

After considering the testimony and evidence offered by both parties, the court increased the monthly child support obligation to $4,000.00 per month. The court opined that Brayden had a "right to share to some degree in his parent's standard of living."

Yeremiah then filed a motion for additional findings and/or to alter, amend, or vacate the judgment. After another hearing, the trial court clarified that the $4,000.00 monthly figure included Brayden's daycare expenses, but it otherwise overruled Yeremiah's motion for additional findings. This appeal followed.

■ A trial court may use its judicial discretion to determine child support in circumstances where combined adjusted parental gross income exceeds the uppermost level of the guidelines table. KRS 403.212(5). The child support table ends at the $15,000.00 per month level, so deviation from the guidelines is clearly appropriate in this case. However, in *Downing v. Downing*, 45 S.W.3d 449, 456 (Ky.App. 2001), this Court made it clear that "any decision to set child support above the guidelines must be based *primarily on the child's needs,* as set out in *specific supporting findings.*" (Emphasis added).

A reviewing court should defer to the lower court's discretion in child support matters whenever possible. As long as the trial court's discretion comports with the guidelines, or any deviation is adequately justified in writing, this Court will not disturb the trial court's ruling in this regard. However, a trial court's discretion is not unlimited. The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles.

*Downing,* 45 S.W.3d at 454 (internal citations omitted).

■ The February 1, 2008, order increasing Yeremiah's child support did not contain specific supporting findings regarding Brayden's reasonable needs. Instead, it explicitly acknowledged that there was no evidence offered regarding the cost of private school, sports camps, or private daycare. Moreover, the majority of Tiffany's alleged expenses are speculative given that Brayden is not old enough for private school or sports camps, and she failed to inquire into the costs of homes or private daycare. The record is void of any supporting documents regarding an increase in Brayden's reasonable needs. The trial court chose, in direct contravention of our holding in *Downing,* to apply the "share the wealth" model. As this Court stated in *Downing,* "[a]n increase in child support above the child's reasonable needs primarily [and incorrectly] accrues to the benefit of the custodial parent rather than the children ... [and] effectively transfers most of the discretionary spending on children to the custodial parent." *Id.* at 455–56 (internal citations omitted). We therefore find that the trial court abused its discretion in arbitrarily increasing Yeremiah's child support obligation solely based on his increased income without supportive evidence of an increase in Brayden's reasonable needs.

We accordingly vacate and remand the order of the lower court with instructions to address the motion to modify child support under the proper standards set forth in *Downing,* requiring specific supportive evidence of an increase in the reasonable needs of the child.

ALL CONCUR.